NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SFR INVESTMENTS POOL 1, LLC,

        Plaintiff - Appellant,

    v.

BANK OF AMERICA, N.A., Successor by
Merger to BAC Home Loans Servicing, LP
formerly known as Countrywide Home
Loans Servicing, LP,

        Defendant - Appellee.

No. 25-2180

D.C. No.
2:19-cv-01534-JCM-DJA

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 12, 2026**
Reno, Nevada

Before: OWENS, FORREST, and VANDYKE, Circuit Judges.

Plaintiff-Appellant SFR Investments Pool 1, LLC ("SFR") appeals from the

district court's grant of summary judgment to Defendant-Appellee Bank of America,

---

\* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

N.A. ("Bank of America").  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment.  *Los Padres ForestWatch v. U.S. Forest Serv.*, 25 F.4th 649, 654 (9th Cir. 2022).  "Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact."  *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (citation omitted).

The district court correctly concluded that Bank of America was entitled to summary judgment based on excused tender.  There are "only two requirements" for the excused-tender doctrine to apply: (1) the homeowners association ("HOA") had a "policy of rejecting any tender that is less than the full lien amount" and (2) "the party to tender knows of that policy."  *Bank of Am., N.A. v. NV Eagles, LLC*, 525 P.3d 1233, 1233 (Nev. 2023); *see also 7510 Perla Del Mar Ave. Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 351 (Nev. 2020).  Here, Bank of America satisfied both requirements beyond genuine dispute.

There is no genuine dispute that Assessment Management Services ("AMS"), acting as "the authorized agent" of the HOA, had a policy of rejecting any tender for less than the full lien amount.  The summary-judgment record established—and SFR admitted—that AMS had a policy "across the board" not to accept any payment

accompanied with conditional, "paid in full" language if the payment covered *only* the superpriority portion of the lien. Furthermore, AMS never offered any specific reason why it rejected conditional tenders as insufficient, nor did SFR provide any evidence that the rejected payments accompanied by the conditional language were insufficient to cover the superpriority portions of the relevant HOA liens. Assuming that the conditional tenders were sufficient, the tendering parties would have "had a legal right to insist" on the condition that the parties' obligations to the HOAs were "paid in full." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116, 118 (Nev. 2018). Because of this, AMS's policy was to effectively reject any tender for "less than the full lien amount." *NV Eagles*, 525 P.3d at 1233.

There is also no genuine dispute that Bank of America was the party to tender and that Bank of America knew of AMS's policy. It is undisputed that Bank of America was, at all relevant times, the deed-of-trust beneficiary and the owner of the loan that the deed of trust secured. Although Bank of America delegated some of the servicing responsibilities to Carrington Mortgage Services ("Carrington"), Bank of America—not Carrington—had the obligation to tender the superpriority portion of the HOA lien to preserve its first deed of trust.[1] *See 7510 Perla Del Mar,*

---

[1] The prior panel disposition in this case merely speculated and "[a]ssum[ed]" that "Carrington[] would have been responsible for tendering." *SFR Invs. Pool 1, LLC v. Bank of Am., N.A.*, No. 22-16472, 2023 WL 8613498, at *1 (9th Cir. Dec. 13, 2023). Based on the more complete record before us, we agree with the district court that Bank of America, not Carrington, was the party to tender under Nevada law.

458 P.3d at 348; *Bank of Am.*, 427 P.3d at 116.  And Bank of America indisputably knew of AMS's policy of rejecting tenders for less than the full lien amount.  *See NV Eagles*, 525 P.3d at 1233.  Not only did AMS reject at least 176 tenders that Miles, Bauer, Bergstrom & Winters, LLC ("Miles Bauer") made on Bank of America's behalf between 2012 and 2014—and not only did Miles Bauer inform Bank of America of each of those rejections—but there is also no record that, between 2012 and 2014, AMS ever accepted *any* superpriority tender from Bank of America for less than the full lien amount, from Miles Bauer or otherwise.

The record establishes that Bank of America would have tendered conditionally and that tender "would have been rejected" under AMS's policy.  *SFR*, 2023 WL 8613498, at *2 (quoting *7510 Perla Del Mar*, 458 P.3d at 351).  Thus, there is no inconsistency between the district court's order and our previous memorandum disposition in this case.

**AFFIRMED.**